UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Barbara J. Walker,

Plaintiff,

v.

Anoka-Hennepin Independent School District Number 11,

Defendant.

File No. 00-CV-1095 JMR/FLN

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by the parties, through their undersigned counsel, as follows:

The parties maintain documents and information they believe is confidential, or which is protected by state or federal law as confidential, nonpublic or private data. Such documents and information may be subject to discovery requests in this action. To balance the interest of the parties in maintaining the confidentiality of such information with the rights of the parties to obtain relevant information through discovery in this action in accordance with the Federal Rules of Civil Procedure, the parties enter into the following Stipulated Protective Order.

1. Definition of "Confidential" Materials. The term "Confidential" as used in this Stipulated Protective Order means information, documents, and written discovery responses that any party designates "Confidential" or is otherwise deemed private or non-public under the Minnesota Data Practices Act, Minn. Stat. Ch. 13 *et seq.* Any party may properly designate as Confidential any information, document, written or discovery response that constitutes or discloses information that is confidential, nonpublic or private data under state or federal law.

2. Limited Use. Information, documents, and written discovery responses designated Confidential pursuant to this Stipulated Protective Order shall be used only for

FILED DEC 15 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

purposes related to this action, shall not be used for any business or commercial purpose, shall not be disclosed to parties in other litigation other than the parties to this suit, and shall not otherwise be disclosed to any person other than those persons identified in paragraph 4. Disclosure of information designated Confidential is authorized only in accordance with the terms of this Stipulated Protective Order. Unauthorized disclosure of information designated Confidential is prohibited. This Stipulated Protective Order shall not, however, operate to impose additional obligations upon the party producing information so designated with respect to its treatment of its own information, documents or written discovery responses.

3. Disclosure Scope/Confidential Material. Information, documents, and written discovery responses designated Confidential may be disclosed only to:

(a) the parties;

(b) the attorneys and staff for the law firms representing the parties in this matter ("Attorneys");

(c) employees of the parties to this action having reasonable need of access to the information to assist the Attorneys in representation of the parties, provided that such employees have first read or been advised of this Stipulated Protective Order and have agreed to abide by its terms;

(d) independent experts or consultants retained by any of the parties or their counsel for purposes of this litigation, including their secretarial or clerical personnel ("Independent Experts"), provided that such independent experts or consultants have first read or been advised of this Stipulated Protective Order and have agreed to abide by its terms;

(e) the Court, court personnel, special masters, mediators, other persons appointed by the Court, and stenographic and other deposition reports;

(f) deposition or trial witnesses, provided that such witnesses have first read or been advised of this Stipulated Confidential Order and have agreed to abide by its terms;

(g) commercial copying services employed by the parties for the purpose of making copies of documents and deposition or trial testimony for use in connection with this case.

4. Notice/Marking. To invoke protection under this Stipulated Protective Order, the Designating Party shall conspicuously mark as "Confidential" information, documents, or

written discovery responses to be considered as Confidential. It shall be the duty of the party seeking confidentiality to mark the information documents, and written discovery responses considered as Confidential. No information, document, or written discovery responses shall be deemed protected under this Stipulated Protective Order unless it has been properly marked. It shall be the duty of the parties to comply with this Stipulated Protective Order from the time of such marking.

It is expressly recognized that, to accommodate a prompt resolution of the issues raised in this proceeding, the parties may be producing documents on an expedited basis and items deemed Confidential may inadvertently not be designated Confidential. In that event, any party may designate any item as Confidential after disclosure, by written notice to opposing counsel. From and after the receipt of notice, the item shall be treated as Confidential pursuant to the terms of this Stipulated Protective Order.

5. Enforcement by Court. The parties expressly agree that the Court may resolve any dispute arising under, and make any Order necessary to the enforcement of, the provisions of this Stipulated Protective Order, without regard to whether such dispute arose before or after the filing of this action or of this Stipulated Confidential Order. The Court may, in the course of resolving any disputes arising under this Stipulated Protective Order, order any such relief and remedies as it is empowered to order under the Minnesota Rules of Civil Procedure.

6. Amendment/Modification. This Stipulated Protective Order may be amended with respect to specific information, documents, or written discovery responses without leave of Court by the agreement of counsel for the parties in the form of a written stipulation. This Stipulated Protective Order shall remain in force and effect indefinitely until modified, superseded, or terminated by agreement of the parties hereto or by Order of the Court.

7. Burden of Proof. In the event a party contests the designation of any information, document, or written discovery responses as Confidential, the parties agree to consider

removing or modifying the confidential designations. In the event the parties cannot agree, upon motion of the party seeking production, the Designating Party shall have the burden of proof in any hearing or other proceeding before the Court that any Confidential designation is necessary and appropriate. The documents or information at issue shall retain their Confidential designation and treatment until otherwise agreed to by the parties or ordered by the Court.

8. Final Determination. Upon final determination of this action (including all appeals), each party shall within sixty (60) days of such determination, upon request, either return to the opposing party or destroy (and promptly certify to the other party that this destruction has occurred) all documents received from the opposing party and marked Confidential that are in its possession, except such material as may be contained in the pretrial and trial records and attorneys' work product, which may be retained in conformity with this Stipulated Protective Order. Further, at the request of any party, and again upon final determination of this action (including all appeals), the Clerk of the Court shall return any item filed under seal to the filing party.

9. Preservation of Objections Under Procedural Rules. This Stipulated Protective Order is entered into without prejudice to the rights of any party to object to the production of documents or information pursuant to the Federal Rules of Civil Procedure, and without prejudice to the rights of any party to object to the admissibility of any documents or information as evidence at trial.

10. Additional Relief. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court.

11. Survival. The terms of this Stipulated Protective Order that restrict disclosure and use of materials designated as "Confidential" shall survive and continue to be binding upon all parties hereto after the termination of this action.

12. No Admission. Acceptance of any materials designated as "Confidential" shall not be construed as an admission by the party receiving those materials that the materials actually contain confidential information.

IN WITNESS WHEREOF, we have set our hands, intending to be bound hereby.

Dated: 12/11/00

Jeffrey A. Hassan (42067)
HASSAN & REED, LLP
2311 Wayzata Boulevard
Minneapolis, Minnesota 55443
(612) 374-5858

Attorneys for Plaintiff

Dated: 12/5/00

Christopher J. Harristhal (175754)
Daniel J. Ballintine (256[illegible]84)
LARKIN, HOFFMAN, DALY & LINDGREN, Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Bloomington, Minnesota 55431-1194
(952) 835-3800

Attorneys for Defendant

SO ORDERED.

Dated: December 14, 2000

BY THE COURT:

Chief Magistrate Judge Franklin L. Noel
Judge of United States District Court

::ODMA\PCDOCS\LIB1\636160\1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.